**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-30052
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD R. COLLIER,

Defendant-Appellant.

_____

Appeal from United States District Court
from the Western District of Louisiana
(94-CR-10014-01)
_____
July 26, 1995

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:[*]

Leonard Raymond Collier appeals his conviction on one count of bribery in violation of 18 U.S.C. § 201(b)(1). For the following reasons, his conviction is affirmed.

BACKGROUND

In February 1993, Leonard R. Collier approached David McAlpin, a Louisiana Fish and Wildlife Officer who was also commissioned as a federal fish and wildlife enforcement officer, and offered him

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

various gifts, including guns, farm implements, and help in obtaining a promotion in exchange for his agreement to allow Collier to hunt out of season. McAlpin reported this conduct to federal authorities. McAlpin taped subsequent conversations and meetings with Collier in which Collier discussed giving McAlpin three guns, farm implements and various other gifts. These tapes were also presented to the jury.

Collier was indicted on two counts of bribery of a public official in violation of 18 U.S.C. § 201(b)(1). After a jury trial, Collier was convicted on one count of bribery of a public official. He was sentenced to six months imprisonment, followed by a three-year term of supervised release, $10,000 fine, and a $50 special assessment. Collier appeals his conviction.

DISCUSSION

ISSUE 1: <u>Whether the district court abused its discretion in excluding a jury instruction distinguishing the giving of gifts from bribery as requested by Collier</u>?

Collier contends that the district court abused its discretion in refusing to give a jury instruction concerning his "good faith" defense. He maintains that the requested instruction was substantively correct and that the district court's instructions did not substantially cover this point of law. He also maintains that the district court's refusal to give the instruction significantly hampered his defense based on his good faith. In particular, Collier raised the defense that the gifts were his attempt to establish a friendship with McAlpin and to make amends for the wrongs he had committed during the time that he was

drinking, as part of his participation in the Alcoholics Anonymous twelve-step program.

Collier requested that the district court give the following jury instruction:

> Because the government has the burden of proving that the defendant's intent was corrupt in giving, offering, or promising anything of value to a public official, good faith is a complete defense to the charges of bribery of a public official. You may not find the defendant Leonard Collier guilty merely because he gave gifts, or made promises or offers to David McAlpin. Merely giving gifts, or making promises or offers to a Louisiana Fish and Wildlife Officer is not a crime.

The district court instructed the jury on good faith using the requested instruction, but omitted the last two sentences. Collier objected to the district court's omission of a portion of the requested jury instruction.

This court reviews the district court's refusal to grant a requested jury instruction for abuse of discretion. United States v. Tomblin, 46 F.3d 1369, 1378 (5th Cir. 1995). This court looks to the district court's instructions as a whole to decide whether the instructions "fairly and accurately [reflect] the law and [cover] the issues presented in the case." United States v. Chaney, 964 F.2d 437, 444 (5th Cir. 1992). To ascertain whether the district court abused its discretion by refusing to include a particular instruction, this court determines whether the requested instruction: "(1) is a correct statement of the law; (2) was substantially given in the charge as a whole; and (3) concerns an important point in the trial, the omission of which seriously

3

impaired the defendant's ability to present a given defense effectively."  Id.

The district court instructed the jury concerning the elements of the bribery offense under 18 U.S.C. § 201(b)(1), expressly stating that the Government was required to prove each element of the offense beyond a reasonable doubt:

> First, that the defendant directly or indirectly gave, offered or promised something of value to a public official; and      Second, that the defendant did so corruptly with intent to induce the public official to do or omit to do an action in violation of the lawful duty of the public official.
> An act is corruptly done if it is done intentionally with an unlawful purpose.
> Culpability turns upon the defendant's knowledge or belief that the person whom he attempts to bribe is an official having authority to act in a certain manner and not on whether the official possesses state rather than federal authority.

As noted above, the district court went on to explain that because the Government was required to prove that the defendant's intent was corrupt, good faith was a complete defense to the bribery charge.

The instruction given by the district court clearly explained that in order to find Collier guilty, it had to determine that he offered the gifts to McAlpin corruptly with the intent to influence his official acts.  The instructions also  explained that good faith was a complete defense.  Thus, the instructions substantially covered the distinction between acting with intent and acting with good faith, and required the jury to focus on Collier's intent. Although Collier's proposed instruction was a correct statement of the law, the instruction emphasized the specific facts of his

4

defense. However, the instructions given by the district court allowed Collier to present his defense to the jury. See Tomblin, 46 F.3d at 1380 ("the court's actual instruction allowed Tomblin to present that . . . defense to the jury, and we do not require that the instructions do any more.") Collier presented evidence that he was a generous man; and that he was a recovering alcoholic following the AA twelve-step plan. Collier's defense counsel also referred to this evidence to support his closing argument to the jury and argues that Collier gave the gifts to McAlpin with no strings attached to make amends for past wrongs. The district court's refusal to give the requested instruction did not impair Collier's ability to present his defense. Therefore, the district court did not abuse its discretion in refusing to give the instruction Collier requested.

ISSUE 2: <u>Whether the district court abused its discretion in admitting "other crimes" evidence for the purpose of impeaching a witness</u>?

Collier contends that the district court abused its discretion in admitting "other crimes" evidence over his objection. He maintains that the Government should not have been allowed to present the "other crimes" evidence under Rule 404(b) of the Federal Rules of Evidence, because the Government did not show good cause for its failure to provide pretrial notice to him of its intent to use such evidence as he requested. Collier filed a pretrial motion requesting that the Government provide notice of its intent to present any "other crimes" evidence at trial. The Government responded that "No `other crimes' evidence is

5

anticipated at this time. If that changes, the Government will promptly notify Defense counsel." The Government argues that the "other crimes" evidence was admissible for impeachment purposes under Rule 608(b).

Whether Rule 404(b) or Rule 608(b) applies to the admissibility of other-act evidence depends on the purposes for which the prosecutor introduced the other-acts evidence. <u>Tomblin</u>, 46 F.3d at 1388. In <u>Tomblin</u>, the court determined that the provision of Rule 404(b) did not apply to the government's use of the other-acts evidence to show the defendant's character for untruthfulness, because the defendant made his character an issue when he testified. <u>Id.</u> at 1388-89. The court stated that Rule 608(b) allows the use of such evidence on cross-examination of a witness concerning the witness's character for untruthfulness, and that Rule 608(b) does not require advance notice of the prosecutor's intent to use such evidence for impeachment purposes. <u>Id.</u> at 1388 n.51.

In the instant case, the government acknowledges that it had not given prior notice of an intent to use other crimes evidence under Fed. R. Evid. 404(b). Immediately after the close of defense counsel's direct examination of Lt. Fannin the government argued to the trial court that the necessity for presenting evidence concerning the 1990 hunting violation of Collier occurred because of defense counsel's cross-examination of McAlpin, the government's principal witness and the direct examination of Fannin, defendant's principal witness. Defense counsel elicited testimony concerning

6

the "bad blood" between defendant and McAlpin. The government urged to the trial court at side bar that because defense counsel made repeated references to "bad blood" between McAlpin and defendant, arguably the jury would be left with the impression that McAlpin was hostile and carried an irrational vendetta against defendant. The government sought to introduce evidence surrounding the 1990 conviction in order to show bias on the part of Fannin in favor of the defendant. The prosecutor stated to the district judge that she wanted to address the subject of the conviction that Dr. Collier received in 1990 because Lt. Fannin gave, Agent McAlpin a tongue lashing for having the doctor arrested for hunting violations. She asserted that the circumstances surrounding the conviction would show bias if Fannin was not willing to enforce the game laws against his friends. The trial court ruled that the government had the right to show bias and allowed the testimony. The government specifically asserted that it offered this evidence, not under 404(b) for which it acknowledged that prior notice would have been required, but that it was offered to impeach the witness and to show bias pursuant to Fed. R. Evid. 608. The court ruled that the government could go into the prior conviction in order to show bias on the part of the witness.

Over defense counsel's objection, the government asked the witness about the alleged tongue lashing occurring with respect to the 1990 conviction and several other questions such as the defendant's having made political contacts in order to assist Lt. Fannin in gaining a promotion. While denying the tongue lashing

7

incident, Fannin acknowledged that defendant had made political contacts for him in connection with his promotion. The trial court allowed defense counsel extensive re-direct examination in order to rehabilitate the witness with respect to any complaint of bias. The defense counsel elicited that Fannin had arrested Collier in 1985 on another hunting violation in an effort to show no favoritism had been exercised by Fannin on behalf of his friend, Dr. Collier.

After careful review of the entire record, we find no error in the trial court's admission of the "other crimes" evidence under the circumstances presented here at trial. The government did not seek to 'sandbag' the defense by presenting evidence otherwise prohibited by the notice provision of Fed. R. Evid. 404(b). The government sought to exploit an issue which arguably was opened up during defense counsel's direct examination of Fannin. Moreover, the testimony was clearly elicited for the purpose of showing bias by Fannin in favor of Dr. Collier as permitted by Fed. R. Evid. 608. Defense counsel sought no curative or limiting instruction and was provided wide latitude on re-direct examination to rehabilitate the witness to the extent that he could. We find that this contention has no merit.

## CONCLUSION

For the foregoing reasons, Collier's conviction for bribery is AFFIRMED.

8